IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:13CR350 |
| | ) | |
| JAMES WATSON, | ) | Honorable Leonie M. Brinkema |
| | ) | |
| Defendant. | ) | |

## MOTION TO SEVER DEFENDANTS

COMES NOW, James Watson, Defendant, through counsel, and respectfully moves, pursuant to Fed. R. Crim. P. 14(a), to sever his trial from that of co-defendants, Thaddaeus Snow and William Sykes, and as grounds, states the following:

1. James Watson is charged in a fourteen-count indictment with conspiracy to commit racketeering, conspiracy to distribute 280 grams or more of cociane base and conspiracy to commit sex trafficing. Mr. Snow and Mr. Sykes are also charged in the same indictment with those counts and additional counts of violence in aid of racketeering and use and carry of a firearm. Additionally Mr. Snow is charged with possession of a firearm by a convicted felon and conspiracy to commit robbery.

2. The government has supplied counsel for the defendants, in discovery, information about a shooting at a school, a pistol whipping at a trailor park, the slashing of a woman's face and robbery of a marijuana dealer. These incidents are also identifyied in the indictment.

3. Mr. Watson is not charged in the indictment with the acts of violence that Mr. Snow and Mr. Sykes are chaged with.

4. Additionally, the discovery supplied by the government to counsel does not identify Mr. Watson at any of the incidents of violence nor does the discovery indentify that Mr. Waston was aware of these incident or took any action to contribute to them in any way.

5. The evidence against Mr. Watson is <u>de minimis</u> when compared to the evidence against Mr. Snow and Mr. Sykes. Although Mr. Watson is charged in three of the same counts as Mr. Snow and Mr. Sykes, he is entitled to a severance from them because the evidence to bepresented by the government in the other counts against Mr. Snow and Mr. Sykes is extremely prejudicial and would prevent Mr. Watson from receiving a fair and impartal trial.

6. When the evidence against one co-defendant is <u>de minimis</u> compared to evidence against other defendants, a severance may be warranted. <u>United States v. Mardian</u>, 546 F.2d 973, 980-81 (D.C. Cir. 1976); <u>United States v. Sampol</u>, 636 F.2d 621, 645-47 (D.C. Cir. 1980).

7. Moreover, when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocense a severance is required. <u>Zafiro v United States</u>, 506 U.S. 534 (1993).

8. Not only is the evidence to be presented by the government stronger and more inflammatory against Mr. Snow and Mr. Sykes, which standing alone may not be enough to warrant a severance. The evidence to be presented will address counts in the indictment that Mr. Watson is not charged and, therefore, it is more likely that Mr. Watson's right to a fair and impartial jury will be compromise, especially since the jury judging Mr. Snow and Mr. Sykes will be same jury judging Mr. Watson.

Therefore for these reasons, and any others that may appear upon a hearing on this Motion, defendant, James Watson, respectfully moves this court to sever his trial from that of the co-defendants and permit him to proceed to a separate trial.

                                          Respectfully submitted,

                                          JAMES WATSON
                                          By Counsel

PETROVICH & WALSH, PLC

BY:    /s/
       Thomas B. Walsh, VSB 36363,
       10605 Judicial Drive, A-5
       Fairfax, VA 22030
       Telephone: (703) 934-9191
       Facsimile: (703) 934-1004
       E-mail: tw@pw-lawfirm.com
       Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

                                                    /s/